| Matter of Ruham |
|:---:|
| 2024 NY Slip Op 31863(U) |
| May 14, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656166/2023 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

IN THE MATTER OF THE PETITION FOR DISSOLUTION
PURSUANT TO NY LLC LAW

|  |  |
|---|---|
| **INDEX NO.** | 656166/2023 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 12/08/2023 |

- v -

GAD RUHAM,

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 001 |

Defendant.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59

were read on this motion to/for                                    DISSOLUTION                                    .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 5.14.24), the

motion (Mtn. Seq. No. 001) is granted solely to the extent that Gad Ruham (**Respondent**) shall

make the books and records of the company available to Daniel Hoday (**Petitioner**), and the

cross-motion to dismiss is denied.  The allegations may support a derivative action but not one

for dissolution (*In re 1545 Ocean Ave., LLC*, 72 AD3d 121, 132 [2d Dept 2010]).

The facts in this case between Petitioner and Respondent are relatively straightforward.  This

case involves Hoham 932 Grand Street LLC (the **LLC**), a New York limited liability company,

which has two fifty-percent members, the Respondent and the Petitioner.  There are others.  In

fact – there are apparently eight other cases involving the Petitioner and the Respondent.

**656166/2023   HODAK, DANIEL vs. RUHAM, GAD**
**Motion No.  001**

Page 1 of 5

As relevant, in this lawsuit, the parties agree that LLC was formed by the filing of articles of organization on November 21, 2000 (the **Articles**; NYSCEF Doc. No. 21).

Significantly, the Articles provide only that "[t]he limited liability company is to be managed by 1 or more members" (*id.*, ¶ 6). The Articles do not address which member would manage it, and the LLC has no operating agreement. The LLC has only one asset, a property located at 942 Grand Street in Brooklyn, New York (the **Property**; NYSCEF Doc. No. 1, ¶¶ 7-8), which premises are rented out to a tenant (*id.*, ¶¶ 10-13).

The Petitioner commenced the instant action with the filing of a Verified Petition for Judicial Dissolution on December 8, 2023 (the **Petition**; NYSCEF Doc. No. 1) seeking (i) dissolution of the LLC pursuant to Limited Liability Company Law § 702, (ii) the appointment of a receiver, and (iii) the production of books and records.

Dissolution, the remedy sought here, is a drastic remedy (*In re 1545 Ocean Ave., LLC*, 72 AD3d 121, 131 [2d Dept 2010]). In a petition seeking dissolution pursuant to Limited Liability Company Law § 702, the petitioning member must establish, in the context of the terms of the operating agreement or articles of incorporation, that (i) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved or (ii) that continuing the entity is financially unfeasible (*id.*). Based on *In re 1545 Ocean Ave,* the Court is constrained to hold that the Petition does not sufficiently allege either ground such that dissolution is not appropriate.

656166/2023   HODAK, DANIEL vs. RUHAM, GAD
Motion No. 001

Page 2 of 5

2 of 5

In fact, at bottom, the Petition alleges that the relationship between the parties has broken down, resulting in numerous lawsuits that implicate various other corporate entities the parties jointly own. With respect to the LLC, the parties' breakdown revolves around an alleged freeze out of the Petitioner and disagreement as to a business decision made by the Respondent, *i.e.*, Respondent's reduction of rent, to which the Petitioner explicitly objected (*id.*, ¶ 18). The Petition specifically alleges that the Respondent (i) has moved funds from the LLC's accounts to his own personal accounts, (ii) intercepted Property rental payments due the LLC and caused these payments to be routed to his own personal bank accounts, and (iii) removed the books and records of the LLC and has refused to produce them to the Petitioner. The Petition asserts that in light of this malfeasance continuing the LLC is financially unfeasible because, among other things, unpaid real estate taxes may lead to the foreclosure of the Property, the LLC's sole asset (*id.*, ¶ 14-22, 24, 31-32, 37).

Since the souring of the parties' relationship, the Respondent commenced a lawsuit on the LLC's behalf to recover back rent from the LLC's tenant (*id.*, ¶ 27) and asserts that the action settled in exchange for a $170,000 payment to the LLC (*see* NYSCEF Doc. Nos. 56; 50, ¶ 13).

As discussed above, the Articles do not require majority vote to effectuate the purpose of the LLC. They expressly provide otherwise. As such, there is no risk of deadlock (*In re 1545 Ocean Ave., LLC*, 72 AD3d 121, 129 [2d Dept 2010]). As discussed above, nor does the Petition set forth another statutory basis for dissolution – the dispute at present between the members is not inimicable to achieving the purpose of the LLC and there is no threatened foreclosure or other financial malady that threatens the viability of the LLC or its purpose (*In re 1545 Ocean*

656166/2023 HODAK, DANIEL vs. RUHAM, GAD
Motion No. 001

Page 3 of 5

3 of 5

*Ave., LLC*, 72 AD3d 121, 122 [2d Dept 2010]; *cf. Advanced 23, LLC v Chambers House Partners, LLC*, 2017 NY Slip Op 32663[U] [Sup Ct, NY County 2017]; *Matter of Vashovsky v Zablocki*, 2023 NY Slip Op 30768[U] [Sup Ct, Kings County 2023]; *In re 47th Rd. LLC*, 54 Misc 3d 1217(A) [NY Sup 2017]).  Thus, to the extent the Petition seeks dissolution, an injunction, and a receiver in support of such dissolution, it must be denied and dismissed without prejudice.

However, the facts of this case may present a cause of action sounding in breach of fiduciary duty of care and loyalty which may potentially be asserted in a derivative action based on the allegations that Respondent has failed to provide access to the books and records of the LLC, entry into transactions not in the best interests of the LLC and/or against the express interests of Petitioner, a 50% owner of the LLC, and alleged misappropriation of assets.  Nothing in this Decision and Order should be read to prevent the viability of the assertion of such claim (*id.*, at 132).

Limited Liability Company Law Section 1102 provides that each member of a New York limited liability company may, subject to reasonable standards set forth in an operating agreement, inspect and copy at his or her own expense, for any purpose reasonably related to the member's interest as a member, any financial statements maintained by the limited liability company for the three most recent fiscal years and other information regarding the affairs of the limited liability company as is just and reasonable (NY Limit Liab Co § 1102).  As discussed above, the LLC has no operating agreement to establish standards for the review of books and records beyond the statutory requirements.  The Respondent does not dispute that he has not provided

656166/2023   HODAK, DANIEL vs. RUHAM, GAD
Motion No.  001

Page 4 of 5

access to these books and records.  Nothing in the record establishes that either the Petitioner or the Respondent is the manager, and the Respondent can not cherry-pick that which he shares with his 50% partner.  Thus, the Petition is granted solely to the extent that the Respondent must make the books and records available to the Petitioner.

The Court has considered the parties remaining contentions and finds them unavailing.

Accordingly, it is hereby

ORDERED that the motion is granted solely to the extent that the Respondent shall make the books and records of the LLC available to the Petitioner but is otherwise dismissed without prejudice; and it is further

ORDERED that the cross-motion is otherwise denied.

20240514121748AB0RROKA70C30055D91X749888F5732CBA667B7

__5/14/2024__
DATE

ANDREW BORROK, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

656166/2023   HODAK, DANIEL vs. RUHAM, GAD
Motion No.  001

Page 5 of 5

5 of 5